# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE:     COOK MEDICAL, INC.,
                 PELVIC REPAIR SYSTEM
                 PRODUCTS LIABILITY LITIGATION      MDL No. 2440

THIS DOCUMENT RELATES TO:

*McBride v. Cook, Inc., et al.*                Civil Action No. 2:14-cv-29644

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss with Prejudice filed by Cook, Inc., Cook Biotech, Inc., and Cook Medical Inc. (collectively "Cook") [ECF No. 14]. The plaintiff has not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review.

Cook's Motion arises from this court's Order [ECF No. 12], entered on July 17, 2015, denying Cook's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 17.  In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [ECF No. 12], at 4–7 (applying the *Wilson* factors to Ms. McBride's case)).[1] Concluding that the first three factors weighed in favor of sanctions as requested by Cook, I

---

[1] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

nevertheless declined to award the requested sanction because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." (*Id.* at 7). I afforded her 30 business days from the entry of the Order to submit to Cook a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.*).  Despite this warning, Ms. McBride has again refused to comply with this court's orders and did not provide Cook with her PPF within the 30-day period. Consequently, Cook moved to dismiss the case with prejudice.

Because the less drastic sanction instituted against Ms. McBride has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissal with prejudice is now appropriate. For the reasons explained in my July 17, 2015 Order [ECF No. 12], it is **ORDERED** that Cook's Motion to Dismiss with Prejudice [ECF No. 14] is **GRANTED**, and this case is **DISMISSED with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  June 6, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE